UNITED STATES DISTRICT COURT
FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 05-330-M (JMF) |
| | : | |
| LARNELL EARL SEENEY | : | |

**DEFENDANT'S MOTION FOR MODIFICATION
OF PRETRIAL DETENTION ORDER AND
MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Larnell Earl. Seeney ("Seeney"), by and though undersigned counsel, hereby moves this Court, pursuant to 18 U.S.C. § 3145(b), to vacate the pretrial detention order issued June 13, 2005, and to release Mr. Seeney into the third-part custody of the Intensive Supervision Program of the Pre-Trial Services Agency, alternatively into a halfway house with work release, or any other form of conditional release deemed appropriate by the Court. As grounds for this motion Mr. Seeney states as follows:

At the pre-trial detention hearing held on June 13, 2005, Magistrate Judge John M. Facciola denied Mr. Seeney's motion for pre-trial release. Magistrate Judge Facciola found that Mr. Seeney posed a presumptive danger to the community and that no condition or combination of conditions will reasonably assure the safety of any other person and the community under 18 U.S.C. § 3142(e).

A criminal complaint has been filed on Mr. Seeney for unlawfully, knowingly and intentionally possessing with intent to distribute a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug

controlled substance in violation of Title 21 Unted Staes Code, Section 841(a)(1) according to the government.

Mr. Seeney is a lifelong resident of the District of Columbia. He is a student at the University of the District of Columbia and he is engaged to be married. According to the Pre-Trial Services report, Mr. Seeney has one prior 1994 conviction for attempted possession of cocaine, for which he received and satisfactorily completed 18 months probation on May 8, 1995. Apart from the one prior conviction over 10 years ago, there is absolutely no evidence that Mr. Seeney is a danger to the community. Additionally, since his ties to the community are substantial, there is no reason to think that he would not return to court when given notice to do so. Mr. Seeney's numerous family members, including his mother and fiancée, have been present at the various court appearances in this case.

If released, Mr. Seeney would live at his resident which is 4409 Illinois Avenue, N.W., Washington, D.C. 20011.

## ARGUMENT

Congress enacted the Bail Reform Act of 1984 to give courts the authority to consider factors such as the likelihood of flight and community safety in making release determinations. In passing the Act, however, Congress did not intend to authorize the wholesale pretrial incarceration of all persons accused of criminal offenses. Indeed, the Act expressly provides that "[n]othing in this section shall be construed as modifying or limiting the presumption of innocence." 18 U.S. Code Section 3142(j). To the contrary, the passage of the pretrial detention provision of the 1984 Act bespeaks a recognition that

"<u>there is a small but identifiable group of particularly dangerous [persons]</u> as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons. It is with respect to this <u>limited group</u> . . . that the courts must be given the power to deny release pending trial." S. Rep. No. 225, 98th Cong., 1st Sess. 6-7, <u>reprinted in</u> U.S. Code Cong. & Ad. News 3189 (emphasis supplied).

Mr. Seeney is not within that limited group. It is apparent from the Act's legislative history, as well as the statutorily mandated consideration of the least restrictive alternatives to detention, that Congress contemplated pretrial detention of only a small percentage of the individuals awaiting trial.

The legislative history of the Act also stresses that "[t]he decision to provide for pretrial detention is in no way a derogation of the importance of the [accused's] interest in remaining at liberty prior to trial. It is anticipated that [pretrial release] will continue to be appropriate for the majority of federal defendants." <u>Id.</u> at 7, 12, *reprinted in*, 1984 U.S. CODE CONG. & AD. NEWS 3189. Mr. Seeney is among that majority for whom a combination of conditions short of detention without bond can be fashioned to "reasonably assure" the safety of the community and his appearance for trial. <u>See</u> <u>United States v. Orta</u>, 760 F.2d 887 (8th Cir. 1985). <u>See</u> <u>also</u> 18 U.S.C. §3142(c)(1)(B) (judicial officer shall order the pretrial release of an accused "subject to the <u>least</u> <u>restrictive</u> further condition or combination of conditions, that such judicial officer shall determines will reasonably assure the appearance of the person as required and the safety of any other person and the community") (emphasis supplied).

Courts have recognized that, consistent with the intent expressed in the 1984 Act's legislative history, the statutory scheme of § 3142 continues to favor release over pretrial detention. See <u>United States v. Orta</u>, 760 F.2d 887, 890-892 (8th Cir. 1985); <u>United States v. Miller</u>, 625 F. Supp. 513, 516-17 (D.Kan. 1985). In Mr. Seeney's case, his continued detention without bond is not the least restrictive alternative available that will assure the community's safety and his return for future court dates. See <u>U.S. v. Xulam,</u> 84 F.3d 441 (D.C. Cir. 1996).

Title 18 U.S.C. Section 3142(e) provides for pretrial detention if the government is able to show that no condition of release will reasonably assure the accused's appearance as required and the safety of any other person or the community. See <u>United States v. Salerno</u>, 481 U.S. 739, 741 (1987).

**WHEREFORE** for the foregoing reasons, any which may appear at a full hearing on this matter, and any others this Court deems just and proper, Mr. Seeney, through counsel, respectfully requests that he be released into the Intensive Supervision Program of the Pretrial Services Agency or, alternatively, released to the third party custody of the Department of Corrections, for placement in a halfway house.

    Respectfully submitted,

By: _____/s/_____
    Harry Tun (Bar # 416262)
    Daniel K. Dorsey (Bar # 430057)
    400 Fifth Street, NW
    Suite 300
    Washington, DC 20001
    (202) 393-2882
    *Attorneys for Defendant Seeney*

# UNITED STATES DISTRICT COURT
## FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 05-330-M (JMF) |
| : | |
| LARNELL EARL SEENEY : | |

_____

## **ORDER**

Upon consideration of Defendant's Motion for Modification of Pretrial Detention Order and Incorporated Memorandum of Points and Authorities in Support Thereof, filed herein on _____ 2005, and any opposition thereto, it is this ____ day of _____, 2005, it is hereby

        **ORDERED,** that this Motion is **GRANTED**; and it is further

        **ORDERED**, that _____
_____
_____.

                                      _____
                                      **UNITED STATES DISTRICT JUDGE**

**cc:**

Harry Tun, Esq.
Daniel K. Dorsey, Esq.
400 Fifth Street, N.W.
Suite 300
Washington, D.C. 20001

U.S. Attorney's Office
555 4th Street, NW
Washington, DC  20530

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of June 2005, I caused a true and correct copy of the foregoing Defendant's Motion for Modification of Pre-Trial Detention Order and Memorandum of Points and Authorities in Support Thereof to be delivered to:

Assistant United States Attorney
Office of the United States Attorney for the District of Columbia
555 Fourth Street, NW
Washington, DC  20530


_____/s/_____
Harry Tun