UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | CRIMINAL NO. 05-256 (RWR) |
| | : | |
| LARNELL SEENEY, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S BOND REVIEW MOTION

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its opposition to defendant's motion for bond review. In support of this pleading, the government states as follows:

PROCEDURAL BACKGROUND

Defendant Seeney made his initial appearance before Magistrate Judge Facciola on June 8, 2005. At that time, the government moved for pretrial detention pursuant to 18 U.S.C. §3142(f)(1)(C). On June 10, 2005, the Court held a detention hearing. The evidence presented at the detention hearing established that on June 7, 2005, members of the ATF-HIDTA Task Force executed a D.C. Superior Court search warrant at house owned by defendant's mother. When the Task Force officers entered the residence, they found defendant Seeney in the basement. The officers secured the premises and conducted their search. During their search, the police found over 600 grams of cocaine, 52 grams of Heroin, 5 grams of Methamphetamine and a loaded 9 mm semi-automatic pistol in the basement. The defendant's mother informed the police officers (in a videotaped statement) that defendant Seeney is the only one that stays in the basement and that she

only goes into the basement to do the laundry. She also stated that she did not know anything about any drugs or guns. Based on the testimony, Magistrate Judge Facciola found that the government established probable cause to believe the defendant committed the charged offenses, and found by clear and convincing evidence that there was no combination of release conditions that could guarantee the safety of the community and ordered defendant Seeney held without bond.

Defendant Seeney was subsequently indicted by a Federal Grand Jury and charged in a five-count indictment with: (1) Unlawful Possession with Intent to Distribute 50 grams or More of Cocaine of Cocaine Base, (2) Unlawful Possession with Intent to Distribute 500 grams or More of Cocaine, (3) Unlawful Possession with Intent to Distribute Heroin, (4) Unlawful Possession with Intent to Distribute Methamphetamine, and (5) Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense.

## ARGUMENT

Defendant Seeney now asks this Court to modify his bond status. However, he does not cite any change in circumstances in support of this request.[1] Instead, he merely repeats that he is a lifelong resident of the District of Columbia, and a student at the University of the District of Columbia who is engaged to be married. Defendant also states that he has only one prior conviction from 1994 for attempted possession of cocaine, for which he satisfactorily completed 18 months of probation on May 8, 1995. These factors, however, were insufficient to ensure the safety of the community before his arrest in this case, and do not address his incentive to fail to appear, given the potential penalties (mandatory minimum of at least 15 years) he faces in this case.

---

[1] If anything, the defendant's position has worsened since the detention hearing, given the indictment returned against him.

Now that defendant Seeney has obtained discovery in this case, he knows that the search warrant was obtained with the assistance of a confidential informant. The defendant knows how to obtain handguns, as demonstrated by the fact that had a loaded handgun at the time of his arrest. If released, nothing would prevent him from seeking out the person who he believes to be the confidential informant in the instant case in order to retaliate against that person. There is always the real possibility that defendant Seeney would retaliate against the wrong person. Thus, as long as this case is pending, defendant Seeney continues to pose a real threat to the community.

Despite his assertions, the defendant has failed to set forth any change in circumstances that would justify readdressing his bond status, and certainly has not provided sufficient information to justify changing his conditions of release. Instead, he has presented assertions which were equally available to him (and equally unpersuasive) at the detention hearing. Defendant Seeney has failed to overcome the statutory presumption that he is a danger to the community. 18 U.S.C. §3142(e).

Defendant's motion does not provide any basis for disturbing Magistrate Judge Facciola's finding and order. WHEREFORE, the government requests that the defendant's motion for bond review be denied and the defendant continue to be held without bond pending trial.

        Respectfully submitted,

        KENNETH L. WAINSTEIN
        UNITED STATES ATTORNEY
        BAR NO. 451058

        _____

        Lionel Andre
        Assistant United States Attorney
        Narcotics Section, D.C. Bar No. 422534
        555 4th Street, N.W. #4846
        Washington, DC 20001
        (202) 353-2481; Fax: 353-9414