IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>  )<br>v.                                              )<br>  )<br>LARNELL SEENEY                       ) | Criminal No. 05-256 (RWR)<br><br>Status Date: 8/29/2005 |

**DEFENDANT SEENEY'S MOTION FOR AN ORDER
DIRECTING THE UNITED STATES TO SPECIFY ALL EVIDENCE WHICH
MAY BE SUBJECT TO SUPPRESSION AND MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF**

Defendant Larnell Seeney ("Seeney"), by and through undersigned counsel, respectfully requests the Honorable Court to issue an Order directing the government to specify all evidence it intends to introduce at trial and that may be subject to suppression under Fed. R. Crim. P. 12(b)(2). In support of this Motion, Mr. Seeney states as follows:

1.   The investigation, which led to Mr. Seeney's arrest was conducted by members of the HIDTA task force with the assistance of at least one cooperator.

2.   Part of the evidence in this case may be subject to suppression on constitutional or other evidentiary grounds.

3.   In order for Mr. Seeney to prepare for trial, and in order for defendant to prepare all necessary and appropriate challenges to the admissibility of evidence potentially subject to suppression, itemization of evidence subject to suppression needs to be provided to the defense.

**ARGUMENT**

Federal Rule of Criminal Procedure 12(b)(4)(B) states as follows:

> At the request of the defendant. At the arraignment or as soon
> thereafter as is practicable, the defendant may, in order to have an
> opportunity to move to suppress evidence under subdivision Rule
> 12(b)(3)(C), request notice of the government's intention to use (in
> its evidence-in-chief at trial) any evidence that the defendant may
> be entitled to discover under Rule 16.

The timing of determinations pertaining to challenges to the admissibility evidence arguably subject to suppression is governed by Federal Rule of Criminal Procedure 12(d):

> Ruling on Motion. The court must decide every pretrial motion before trial unless it finds good cause to defer a ruling. The court must not defer ruling on a pretrial motion if the deferral will adversely affect a party's right to appeal. When factual issues are involved in deciding a motion, the court must state its essential findings on the record.

The interests of due process and judicial economy are best served by requiring pretrial written itemization of evidence arguably subject to suppression. Such a disclosure serves to avoid pretrial delay as well as aiding the court and counsel in ascertaining the nature of the evidence to be introduced.

> In cases in which the defendant wishes to know what types of evidence the government intends to use so that he can make his motion to suppress prior to trial, he can request the government to give notice of its intention to use specific evidence which the defendant is entitled to discover under Rule 16. Although the defendant is already entitled to discovery of such evidence prior to trial under Rule 16, Rule 12 makes it possible for him to avoid the necessity of moving t o suppress evidence which the government does not intend to use. See ABA Projection Standards for Criminal Justice, Relating to Electronic Surveillance, (approved draft, 1971) at p. 116.

The itemization of evidence subject to suppression will facilitate compliance with this Court's scheduling order and provide the defense with a better understanding of the constitutional and evidentiary challenges to be made to the indictment.

                                                Respectfully Submitted,

                                                _____
                                                Harry Tun, DC Bar #416262
                                                Daniel K. Dorsey, DC Bar #430057
                                                400 Fifth Street, N.W., Suite 300
                                                Washington, DC 20001
                                                (202) 393-2882

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 26th day of August 2005, a copy of the foregoing Motion to be delivered by electronic e-mail to Lionel Andre, Assistant United States Attorney, Narcotics Section, 555 Fourth Street, N.W. #4210,Washington, D.C. 20530.

                                                     _____
                                                     Harry Tun, Esquire