**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 05-256 (RWR) |
| v. ) | |
| ) | Status Date: 8/29/2005 |
| LARNELL SEENEY ) | |

**DEFENDANT SEENEY'S MOTION TO SUPRESS ALL TANGIBLE EVIDENCE AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Defendant Larnell Seeney ("Seeney"), by and through undersigned counsel, and pursuant to Fed. R. Crim. P. 12(b) and the Fourth Amendment to the United States Constitution, respectfully moves the Court to suppress as evidence against him at the trial of this case any and all tangible evidence recovered on June 7, 2005, from or in the vicinity of the premise identified as 5815 5th Street, N.W. Washington, D.C. In support of this Motion, Mr. Seeney states as follows:

**FACTS**

1.  On June 6, 2005, Members of the Alcohol, Tobacco, Firearms & Explosives ("ATF") assigned to the Washington Area High Intensity Drug Trafficking Area ("HIDTA") Task Force sought two Search Warrants to search a Green Toyota Avalon Automobile bearing DC Registration Tag Number BV 2836 in the District of Columbia and the premise identified as 5815 5th Street, N.W. Washington, D.C., because there was allegedly being concealed property, namely ammunition, paperwork and documentation related to the possession, acquisition, disposition, and maintenance of firearms, as well as ammunition magazines, ammunition boxes, holsters, ammunition pouches, firearm boxes, cleaning kits, bullet proof vests, firearms parts, photographs of firearms, and accessories for firearms such as grips, scopes, and slings. In addition, there was allegedly concealed paperwork and documentation related to the identity of

the possessors of such items and/or occupancy of the premises which is in violation of Title 7 of DC Code Section 2502.

2.      The Honorable Bruce Mencher found probable cause to issue the Search Warrants.

3.      On June 7, 2005, members of the HIDTA executed the Search Warrants and proceeded to search the basement of the premise at 5815 5th Street, N.W. Washington, D.C. At 7:20 a.m. until 7:28 a.m., they uncovered currency and suspected narcotics from the basement closet "a". At 7:29 a.m. until 7:40 a.m., they uncovered currency from a jug in the basement. At 7:30 a.m., they uncovered suspected narcotics from the basement closet "b". At 7:43 a.m., they uncovered currency in a plastic bag in the rear of the basement. At 7:58 a.m., they uncovered a black Jennings Nine pistol and six rounds of ammunition from a rear room air duct in the basement. At 7:59 a.m., they uncovered one box of plastic/rubber gloves. At 8:05 a.m., they uncovered mail matter and an identification card somewhere in the basement. At 8:10 a.m., they uncovered one Compaq "Evo" laptop computer in the basement on a bedside table. At 8:11 a.m., they uncovered one scale CJ-600 in the basement closet "b". At 8:14 a.m., they uncovered currency from a wallet in the basement closet. At 8:15 a.m., they went to the 1997 Green Toyota Avalon Automobile bearing DC Registration Tag Number BV 2836 in the District of Columbia and uncovered paperwork.

**ARGUMENT**

4.      One of the specific commands of the Fourth Amendment is that no warrants shall issue except those "particularly describing the place to be searched," U.S. Const. Amend. IV.

5.      The Fourth Amendment provides that "the right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . ." U.S. Const. Amend. IV.  Because Mr. Seeney's seizure was effectuated with a defective warrant, the government bears the burden of proving that it was legal.  See Hayes v. Florida, 470 U.S. 811 (1985); United States v. Allen, 629 F.2d 51, 55 (D.C. Cir. 1980).  Further, the government bears the burden of adducing sworn testimony sufficient to satisfy this Court that the facts and circumstances known to the arresting officers at the time they seized him justified that seizure. United States v. Jenkins, 530 F. Supp. 8, 10 (D.D.C. 1981) (citing Brinegar v. United States, 338 U.S. 160, 175 (1949)).

6.      In relying on a tip to furnish either probable cause or articulable suspicion, certain predicates must be established: the tip must come from a reliable source, with a basis of knowledge about matters relayed in the tip, and the tip must be corroborated.  See Illinois v. Gates, 462 U.S. 213 (1983); Alabama v. White, 496 U.S. 325, 330-31 (1990).  Unless the government can meet this burden, the tangible evidence that was recovered in reliance upon the tip must be suppressed.  Part of the Affidavit in support of the Search Warrant alleges in paragraph 10 that:

> A check of the records compiled by the National Crime Information Center (NCIC) was conducted on Larnell SEENEY (Date of Birth: March 3, 1974; Social Security Number         ).  These records indicate that SEENEY has prior drug related arrest in Washington, D.C., including an arrest and conviction for Possession With Intent to Distribute Cocaine and additional arrests for Robbery, Assault, Unauthorized Use of a Motor Vehicle, Distribution of Cocaine (two separate arrests), Possession of Cannabis and Receiving Stolen Goods".

However, there is no indication of such arrests for Robbery, Assault or Unauthorized Use of a Motor Vehicle from the D.C. Pretrial Services Agency Report on June 8, 2005 or from the

Superior Court of the District of Columbia Criminal Information System, (see Exhibit A). Accordingly, this portion of the Affidavit is inaccurate and misleading.

7.      Also, the information from the CI is not reliable.  According to the Affidavit, the CI saw Mr. Seeney with a "silver" in color handgun, (see affidavit paragraph number 7).  The gun recovered from the search was all black with no silver anywhere, (see Exhibit B, picture of black hand gun).  The CI never saw Mr. Seeney with any illegal narcotics.  For the affiant to say "No information provided by this source has <u>ever</u> (underling added for emphasis) been proven incorrect or misleading" (see paragraph number 7 of the Affidavit) is incorrect and misleading. Accordingly, suppression therefore remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth.  <u>Franks v. Delaware</u>, 438 U.S. 154 (1978).

**WHEREFORE**, for all the foregoing reasons, and for any other reasons this Court may deem just and proper, Mr. Seeney respectfully requests that this motion be granted and that any tangible evidence seized on June 7, 2005, be suppressed at trial of this case.

Respectfully Submitted,

_____
Harry Tun, DC Bar #416262
Daniel K. Dorsey, DC Bar #430057
400 Fifth Street, N.W., Suite 300
Washington, DC 20001
(202) 393-2882

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 26th day of August 2005, a copy of the foregoing Motion to be delivered by electronic e-mail to Lionel Andre, Assistant United States Attorney, Narcotics Section, 555 Fourth Street, N.W. #4210, Washington, D.C. 20530.

                           _____
                           Harry Tun, Esquire