**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 05-256 (RWR) |
| v. ) | |
| ) | Status Date: 8/29/2005 |
| LARNELL SEENEY ) | |

**DEFENDANT SEENEY'S MOTION TO DISCLOSE IDENTITY OF EACH CONFIDENTIAL INFORMANT REGARDLESS OF WHETHER THEY WILL BE CALLED AT TRIAL AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Defendant Larnell Seeney ("Seeney"), by and through undersigned counsel, respectfully moves for an Order directing the government to disclose the identities of each confidential informant1 regardless of whether they will testify at trial. In support of this motion, Mr. Seeney states as follows:

1. A review of the materials generated to date concerning the investigation, which culminated in this indictment reveals that an important source of information used by law enforcement in gathering information was derived from at least one confidential informant.

2. Upon information and belief, the confidential informant who provided information to law enforcement did so after either being charged with crimes and entering into a cooperation agreement with the government.

3. Counsel seeks to interview each person who gave information to law enforcement who falls within the category of confidential informant regardless of whether they will be called to testify at trial.

---

1 The phrase "confidential informant" includes, but is not limited to, a cooperator, a special employee or any other non-law enforcement individual performing services to for the government in an undercover capacity.

4. The confidential informants used by law enforcement may be biased against defendant.

5. The identities of the informants are necessary to the defense in order to investigate bias, motives to fabricate and to cast doubt upon the credibility of certain witnesses.

6. Mr. Seeney seeks useful and relevant information that cannot be learned without a disclosure by the United States. There is no reason related to security to withhold this essential information. Mr. Seeney due process rights mandate pretrial disclosure of the identities of each confidential informant who has provided information to law enforcement.

**ARGUMENT**

In Roviaro v. United States, 353 U.S. 53 (1957), the Supreme Court addressed the balancing that was necessary when a trial court was called upon to weigh a defendant's right to fundamental fairness as guaranteed by the United States Constitution against the government's interest in withholding from disclosure the identity of an informant. (Protecting the identity of the informant from disclosure has become known as the "informer's privilege").

> What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of the law. The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes obligation.

Id. at 60-61 (citations omitted)

    I.    **Actual Crime Participants**

These individuals, regardless of the corporate reward, must be disclosed in the interests of fundamental fairness and due process. In McLawhorn v. State of North Carolina,

484 F.2d. 1 (4th Cir. 1997) the Court drew a distinction between actual crime participants and tipsters in assessing whether it was necessary for the government to reveal their identities. If it is determined that the informant was an "actual participant," that is, where he helps to set up the criminal occurrence," then disclosure of the identity of the informant is required. <u>Id</u>. at 5.

In <u>Roviaro</u>, the Supreme Court recognized the problem a defendant faces when the government chooses not to call a confidential informant at trial.

> Petitioner's opportunity to cross-examine Police Officer Bryson and Federal Narcotics Agent Curham was hardly a substitute for an opportunity to examine the man who had been nearest to him and took part in the transaction. Doe had helped to set up the criminal occurrence and had played a prominent part in it. His testimony might have disclosed entrapment.
>
> The desirability of calling John Doe as a witness, <u>or at least interviewing him in preparation for trial</u>, was a matter for the Defendant rather than the government to decide.

<u>Roviaro</u>, 353 U.S. at 64 (emphasis added). Thus, the Supreme Court recognized the importance of disclosing the name and whereabouts of an informant so that the defendant would have the opportunity of at least interviewing the informant in order to adequately prepare for trial. It is axiomatic that the witnesses do not belong to either the prosecution or the defense and should be available to either side.

Without disclosure of the informant's identity and the ability to interview the informant or call the informant as a witness, the defendant might well be forced to testify in order to try to establish that he was misidentified or had a lack of knowledge or intent. Where the informant is a participant and material witness to the crime charged, as is applicable herein with respect to certain government witnesses, forcing the defendant to testify or depriving him of the right to interview or call such a witness constitutes a denial of fundamental fairness, and violates both his Fifth Amendment right to remain silent and his Sixth Amendment rights to

confrontation as well as to effective assistance of counsel.

The Circuit Court of Appeals in this jurisdiction has recognized that the "Informer's Privilege" must give way when the identity of the informant is of use to a defendant.

> Whether Roviaro was a product of the Due Process Clause, as the Supreme Court said in United States v. Raddatt, 447 U.S. 667, 679, 100 S.Ct. 2406, 2414, 6 L.Ed.2d 424 (1980), or merely of federal common law, as the Court wrote in United States v. Valenzuela-Bernal, 458 U.S. 85 870, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 119 (1982), in a criminal trial the informer privilege must give way when the information sought is "relevant and helpful to the defense of the accused." Roviaro, 353 U.S. at 60-61, 77 S.Ct. At 628. The informant in Roviaro, whose identity the Court ordered divulged, was the "sole participant, other than the accused, in the transaction charged" and consequently "the only witness in a position to amplify or contradict the testimony of the government witnesses, 353 U.S. at 64, 77 S.Ct. At 629

United States v. Foster, 986 F.2d. 541, 545 (1993).

The identities of the confidential informants who were engaged in criminal activity are relevant and useful to the defense as their participation needs to be fully investigated by the defense. They may have been the sole perpetrators of some or all of the offenses charged herein. As such, defendant has a constitutional right to conduct a pretrial investigation of the activities of the informants to ascertain their criminality and to explore any bias or motive to fabricate they may have.

## II.  Informants Not Participating in Crimes Alleged in Indictment.

The basis for seeking disclosure of the identities of confidential informants who were not participants in the crimes alleged in the indictment arises from Brady v. Maryland. Specifically, defendant asserts that most, if not all, of the witnesses who fall within this category have provided information to law enforcement in an effort to obtain a benefit. It is a well-known fact that cooperating witnesses receive compensation for their assistance in investigation and in

some instances receive compensation for their testimony. In United States v. Bagley, 93 U.S. 667, the Supreme Court analyzed expectations of witnesses for payments in return for testimony in the context of Brady v. Maryland. Recognizing that constitutional error occurs when the defense is deprived of information which would be useful in cross-examination to suggest bias or interest on the part of a witness, the Court mandated that an assessment be made regarding the significance of the inducement.

> [W]e reserve the judgment of the Court of Appeals and remand the case to that Court for a determination whether there is a reasonable probability that, had the inducement offered by the government… been disclosed to the defense, the result of the trial would have been different.

473 U.S. at 684

In so ruling, the Bagley majority made clear that offers of inducement do fall within the potentially exculpatory umbrella of Brady v. Maryland.

## CONCLUSION

The particular facts of this indictment make it essential for the defense to obtain pretrial access to the government's confidential informants. Because there are no direct police eyewitnesses to the alleged drug transactions, the government has had to rely upon individuals actively engaged in criminal activity and individuals seeking compensation as the means of structuring the indictment in this case. Both categories of witnesses discussed, *supra*, are inherently and immensely biased and will have substantial problems with their credibility at trial. The bias and lack of credibility of the witnesses must be fully explored at trial. In order to do so, counsel must have their identities disclosed sufficiently in advance of trial in order to conduct appropriate investigations.

This critical information is relevant, useful and potentially exculpatory thereby

requiring its pretrial disclosure.

                                                    Respectfully Submitted,

                                                    _____
                                                    Harry Tun, DC Bar #416262
                                                    Daniel K. Dorsey, DC Bar #430057
                                                    400 Fifth Street, N.W., Suite 300
                                                    Washington, DC 20001
                                                    (202) 393-2882

## CERTIFICATE OF SERVICE

     I hereby certify that on this 26th day of August 2005, a copy of the foregoing Motion to be delivered by electronic e-mail to Lionel Andre, Assistant United States Attorney, Narcotics Section, 555 Fourth Street, N.W. #4210,Washington, D.C. 20530.

                                                    _____
                                                    Harry Tun, Esquire