## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 05-256 (RWR)** |
| | : | |
| | : | |
| **LARNELL SEENEY,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## GOVERNMENT'S OPPOSITION TO DEFENSE MOTIONS
## TO SUPPRESS PHYSICAL EVIDENCE, AND TO DISCLOSE
## INFORMATION ABOUT CONFIDENTIAL INFORMANT

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its opposition to defendant Larnell Seeney's motions to suppress physical evidence (as supplemented) and to disclose information about the confidential informant.   The government submits that the defendant's motions present no matters for which presentation of evidence or further argument is required.   Accordingly, the United States requests that the Court rule on these motions without a hearing.  As grounds for the opposition, the government states as follows:

## A.  BACKGROUND

Defendant Seeney is charged with Unlawful Possession with Intent to Distribute 50 grams or More of Cocaine Base;  Unlawful Possession with Intent to Distribute 500 grams or More of Cocaine; Unlawful Possession with Intent to Distribute Heroin;  and Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense. These charges stem from the execution of a search warrant by members of the ATF-HIDTA Task Force  on June 7, 2005, at approximately 7:00 a.m., inside xxxx x$^{xx}$ xxxxxx, x.x. in Washington, D.C.

1.  The Search Warrant

On or about June 6, 2005, Special Agent Joshua C. Green, a five-year veteran of the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF), who is currently assigned to the Washington Area High Intensity Drug Trafficking Area (HIDTA) Task Force, obtained a search warrant for the dwelling at xxxx x$^{xx}$ xxxxxx, xxxxxxxxx, in Washington, D.C.  In his affidavit for the search warrant, Special Agent Green stated that, within the past seventy-two hours, he had received information from a Confidential Informant (CI).  Special Agent Green  explained that the CI  was reliable, because it had previously provided information to ATF and members of the Metropolitan Police Department (MPD)  which  resulted in  several  search  warrants  and  the  recovery of narcotics,  firearms, ammunition and money.  In addition, Special Agent Green indicated that, to his knowledge, the CI had  never given information to law enforcement which was later proven incorrect or misleading. Special Agent Green further stated:

> Within the past seventy-two hours, a reliable Confidential Informant reported . . . that concealed  within  xxxx  x$^{xx}$  xxxxxx  xxxxxxxxx,  Washington,  D.C.  is  a  firearm, described as a silver in color handgun.  More specifically, the CI stated that the CI had seen the possessor, "known as 'Lonell,'" take this firearm from a Green Toyota Avalon bearing District of Columbia registration Tag number BV 2836  and carry it into xxxx x$^{xx}$ xxxxxx xxxxxxxxx, Washington, D.C.   The CI knows "Lonell" to reside at this residence with his mother.  The CI further stated that the CI had seen "Lonell" driving this same Toyota Avalon on at least two occasions in the 48 hours prior to the observation of this subject firearm.

Special Agent Green corroborated the information by independently checking with the Department

of Motor Vehicles and various computer databases. He confirmed that Larnell Seeney lived at xxxx xˣˣ xxxxxx, x. x., and that a Green Toyota Avalon, bearing D.C. Tag BV 2836 was registered to Donita Gaskins who resided at xxxx xˣˣ xxxxxx, x.x. Indeed, Special Agent Green observed the vehicle parked in front of that address on June 5, 2005.

A judge of the Superior Court of the District of Columbia signed the warrant on June 6, 2005.

2.    The Execution of the Warrant

On June 7, 2005, members of the ATF-HIDTA Task Force executed the D.C. Superior Court search warrant at the subject house which was determined to be owned by the defendant's mother, Donita Haskins. When the Task Force officers entered the residence, they found defendant Seeney in the basement. The officers secured the premises and conducted their search. During their search, the police found over 600 grams of cocaine, 57 grams of Heroin and a loaded 9 mm semi-automatic pistol in the basement. The defendant's mother informed the police officers (in a videotaped statement) that defendant Seeney is the only one that stays in the basement and that she only goes into the basement to do the laundry. She also stated that she did not know anything about the drugs or gun that were found in the house.

B. **LEGAL ARGUMENT**

Defendant Seeney now makes two motions. First, he contends that the physical evidence must be suppressed because the search warrant was defective. Specifically, defendant Seeney contends that portions of the affidavit in support of the search warrant is inaccurate or misleading, and the tip did not come from a reliable source. Second, defendant Seeney moves to disclose the identity of the confidential informant who served as the basis of information for the warrant in order to investigate bias and other so-called useful and relevant information that cannot be learned without

such disclosure. The defendant's arguments lack merit.

    1.    <u>The Warrant was Proper and the Agents Reasonably Relied on It</u>

    The police officers who executed the search warrant were entitled to rely in good faith on the warrant issued by the Superior Court judge. <u>United States v. Richardson</u>, 861 F.2d 291, 294 (D. C. Cir.), <u>cert.</u> <u>denied</u>, 489 U. S.1058 (1989).   In <u>United States v. Leon</u>, 468 U.S. 897 (1984), the Supreme Court distinguished between the function of the magistrate (whose role is to evaluate the legal sufficiency of a warrant), and the police officer (whose role is to investigate the crime and to execute the warrant), noting:

> It is the magistrate's responsibility to determine whether the officer's allegations establish probable cause, and, if so, to issue a warrant comporting in form with the requirements of the Fourth Amendment. In the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination or his judgment that the form of the warrant is technically sufficient. Once the warrant issues, there is literally nothing more the policeman can do in seeking to comply with the law."

<u>Id</u>. at 921(internal quotations omitted). Suppression in such a case is appropriate only if "the magistrate abandoned his detached and neutral role" in assessing the affidavit or if  " the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." <u>Id</u>. at 923.  In the instant case, there are no allegations by the defense that the Superior Court Judge who signed the warrant abandoned his detached neutral role.

    In the Motion to Suppress, defendant Seeney appears to argue that because the affidavit in support of the search warrant stated that the defendant was previously  arrested for Robbery, Assault

and Unauthorized Use of a Vehicle, and the documents that the defense has reviewed does not reflect such arrests, then the warrant is defective because the affidavit is inaccurate and misleading.  In support of the foregoing argument, the defendant attached an exhibit entitled, "Superior Court of the District of Columbia Criminal Information System Summary by PDID" which lists defendant Seeney's seven prior arrests in the District of Columbia from February 16, 1994 through January 1, 1998.  Admittedly, none of the listed arrests in defendant's exhibit were for Robbery, Assault or Unauthorized Use of a Vehicle.  However, Special Agent Green did not rely on the defendant's exhibit when he prepared the affidavit.  As stated in his affidavit, he relied on the National Crime Information Center (NCIC) printout which reflects that on  November 14, 1994, Larnell E. Seeney was arrested for Robbery by Force and Violence and Assault with a Dangerous Weapon (Shodfoot), and on February 27, 1996, defendant  Seeney  was arrested for Unauthorized Use of a Motor Vehicle.

Assuming, arguendo, that  defendant Seeney was never arrested for Robbery, Assault or Unauthorized Use of a Vehicle, it is clear from the facts of the instant case that Special Agent Green had a good faith basis for believing and asserting that defendant Seeney had those arrests.  The defendant has not shown, nor could he, that the officer who prepared the affidavit in support of the warrant was dishonest or reckless in preparing his affidavit or could not have harbored  an objectively reasonable belief in the existence of probable cause.

The warrant affidavit indicated that a person  of well-known reliability, whom the agents had extensively used for intelligence purposes, and whose information had led to previous warrants  and contraband seizures, had  seen defendant "Lonell" with a gun  within the prior seventy-two hours.  Thus, it was eminently reasonable and proper for the agents to seek a warrant to search that premises several days later for the gun, and for the Superior Court Judge to grant it.   Illinois v. Gates, 462 U.S.

213, 231-32 (1983) ( The evidence must be "seen and weighed[,] not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement.")

Moreover, the scope of the search was reasonable. The warrant provided that the law enforcement officers could search for firearms and documents related to firearms. Because the agents seized narcotics, documents and a handgun - which was located in the same area as the handgun - they did not exceed the parameters of the warrant.

2.    Defendant Has Offered No Basis on Which to Disclose
      Information Regarding the Confidential Source

A defendant bears a "heavy burden" to "establish that the identity of an informant is necessary to his defense". United States v. Skeen, 449 F.2d. 1066, 1071 (D.C. Cir. 1971). The defendant must allege how the informant will help establish his or her innocence; merely conclusory or speculative pleadings will not suffice. Id. See United States v. Mangum, 100 F.3d 164, 172 (D. C. Cir.1996). The Supreme Court has explicitly rejected adopting an inflexible rule that the identity of an informer must be disclosed whenever its testimony may be relevant and helpful to the accused. Roviaro v. United States, 353 U.S. 53, 62 (1957). Rather, the government enjoys a qualified though "time-honored privilege to withhold the identity of its informants from criminal defendants." United States v. Brodie, 871 F.2d 125, 128 (D.C. Cir. 1989).

One of the factors the Court should consider in determining whether disclosure is appropriate, is to distinguish between informants that are tipsters and those who are participants. McLawhorn v. North Carolina, 484 F.2d 1, 5 (4th Cir. 1973); United States v. Price, 783 F.2d 1132, 1138 (4th Cir. 1986). Disclosure is not required where - as here - the informant plays only a small or passive role in the offense charged, has no firsthand information, or where his potential disclosures are already

known to the defendants. <u>United States v. Moreno</u>, 588 F.2d 490, 494 (5th Cir. 1978), <u>cert</u>. <u>denied</u>, 441 U.S. 936 (1979); <u>United States v. Robinson</u>, 530 F.2d 1076, 1077 (D.C. Cir. 1976). Thus, in making the determination whether disclosure of a witness to a defendant is necessary, the Court must balance the public's interest in law enforcement and protecting the informant's identity against the defendant's right to prepare a defense. <u>Roviaro</u>, <i>supra</i>, 353 U.S. at 62; <u>United States v. Warren</u>, 42 F.3d 647, 654 (D.C. Cir. 1994).

This Court frequently has observed that "<u>Roviaro</u> does not require disclosure of an informant who was not an actual participant in or a witness to the offense charged." <u>Skeens</u>, 449 F.2d at 1071. <u>See</u> <u>Warren</u>, 42 F.3d at 654; <u>United States v. James</u>, 466 F.2d 475, 477 (D. C. Cir.1972). Thus, the identity of an informant who "merely suppl[ies] information" that is then used by law enforcement to obtain a search warrant or for another investigative purpose generally is not subject to disclosure. <u>Skeens</u>, 449 F.2d at 1070; <u>Warren</u>, 42 F.3d at 654; <u>United States v. Whitmore</u>, 480 F.2d 1154, 1155 (D. C. Cir.1973); <u>United States v. Lapsley</u>, 263 F.3d 839, 841 (8th Cir.2001) (informant "must be more than a 'mere tipster' to justify disclosure"). These principles defeat defendant Seeney's purported need to obtain identity of the informant to investigate bias and other purported relevant information. In the instant case, the confidential informant was a mere tipster who provided the information that supported the search warrant. He was not a witness to the offenses alleged in the indictment for offenses that occurred on June 7, 2005, the day the search warrant was executed. As in <u>Warren</u>, "[t]he informant was not present during that search." <u>Warren</u>, 42 F.3d at 654. Defendant Seeney's hypothesis that the informant would assist him to investigate "bias, motives to fabricate and to cast doubt upon the credibility of certain witnesses" does not satisfy the "heavy burden" he must meet to overcome the informer's privilege.

One additional factor to be considered when determining whether to order disclosure of the identity of a confidential informant is the personal safety of the informant. Courts will not order disclosure where such disclosure will place the informant in personal danger and the prospective testimony is not exculpatory. United States v. Pelton, 578 F.2d 701, 707-708 (8th Cir. 1978), cert. denied, 439 U.S. 964 (1979). There is certainly nothing exculpatory about the prospective testimony of the informant.  In fact, as defense asserts the entire basis for the disclosure of the confidential informant is not to exculpate the defendant but to learn of possible bias and to cast doubt of the credibility of "certain witnesses."  At the present time, and given the nature of the informant's prior information relating to defendant's possession of a silver colored handgun (which still has not been found),  the government submits that disclosure of the identity of the informant would endanger the safety of the informant and its family.

Furthermore, the government submits that there is nothing  exculpatory about the prospective testimony of any informant, nor does the defendant allege that its prospective testimony will be exculpatory. The government will, of course, supply defense counsel with all information, if any, relevant to cross-examine the informant if the witness testifies at trial, which is doubtful.

WHEREFORE, the government asks this Court to deny defendant's motions to suppress physical evidence and to disclose information about the confidential informant.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
BAR NO.  451058

_____

Lionel Andre
Assistant United States Attorney
Narcotics Section, D.C.  Bar No. 422534
555 4th Street, N.W.  #4846
Washington, DC 20001
(202) 353-2481; Fax: 353-9414