IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 05-256 (RWR) |
| v. ) | |
| ) | |
| LARNELL SEENEY ) | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO ADMIT OTHER CRIMES EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(B)**

Defendant Anthony Seeney ("Seeney"), by and through undersigned counsel, respectfully submits his opposition to the government's Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b).

**FACTS**

1. Mr. Seeney is charged in a multi-count indictment alleging Unlawful Possession with Intent to Distribute : 50 Grams or More of Cocaine Base; Unlawful Possession With Intent to Distribute : 500 Grams or More of Cocaine; (Unlawful Possession With Intent to Distribute : Heroin; Using, Carrying and Possessing a Firearm : During a Drug Trafficking Offense: Criminal Forfeiture; and Unlawful Distribution of Heroin.

2. According to the government, Mr. Seeney has a prior conviction, Mr. Seeney plead guilty on April 8, 1994 for possession of cocaine in D.C. Superior Court, case number F-1313-94.[1]

---

[1] In the government's motion, page 8, footnote. The date of disposition is incorrect. Case F-1313-94 has a disposition date of April 8, 1994, not May 24, 1994. Case F-11221-94, also a misdemeanor, has a disposition date of May 24, 1994.

3. The government seeks admission of evidence of Mr. Seeney's prior conviction because "the Rule 404(b) evidence the government seeks to admit at trial, i.e. prior possession to prove knowledge, intent, and absence of mistake regarding current possession,." (Gov. Motion at page 5).

4. The government argues that the probative value of evidence of the prior convictions is substantially outweighed by the danger of unfair prejudice, (Gov. Motion at page 8).

## ARGUMENT

5. During the status hearing on August 29, 2005, this Honorable Court informed the government that the 404(b) motion was not detailed with respect to the crime. The government stated that they will supplement the 404(b) motion in two weeks. The Court indicted that the defense response was do eleven days after receipt of the supplemental motion. It now has been nearly three weeks and the government has not filed any motion to supplement the 404(b) motion, or contacted defense counsel for an extension of time. Accordingly, the government's 404(b) motion should be denied.

6. Federal Rule of Evidence 404(b) carves out an exception to the prohibition on evidence of other crimes or bad acts by an accused if such evidence is relevant to "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." FRE 404(b). The government's notice contends that evidence of Mr. Seeney's prior conviction bears upon his knowledge or absence of mistake or accident.

2

7.      It is axiomatic that before evidence of other bad acts by an accused may be admitted it must be deemed both "relevant to an actual issue in the case, and its probative value must not be outweighed by its unfair prejudice to the defendant." United States v. Vaughn, 601 F.2d 42, 45 (2d Cir. 1979). See also United States v. Mothershed, 859 F.2d 585, 588 (8th Cir. 1988)(reversing conviction for trial court's failure to exclude similar act evidence and acknowledging that "admission of prior bad acts under Fed. R. Evid. 404(b) requires that the evidence be relevant to a material issue, clear and convincing, more probative than prejudicial, and similar in kind and close in time to the crime charged") (footnote omitted); United States v. Foskey, 636 F. 2d 517, 523 (D.C. Cir. 1980)("Despite the inherently damaging nature of bad acts evidence, it may be admissible to show a material issue in the case such as motive, opportunity, intent, identity, or absence of mistake or accident"); United States v. Manafzadeh, 592 F.2d 81, 86 (2d Cir. 1979)(reversing conviction for erroneous admission of other crimes evidence and stating that "other-crime evidence may not be received unless it is relevant to an actual issue in the case and unless its probative value on that issue is not outweighed by its unfair prejudice to the defendant").

8.      In Mr. Seeney's case, the government has not met any prerequisite required by the above decisions. In fact, the probative value of the evidence is not greater than its prejudicial impact. On the contrary, the sole reason that the government seeks to introduce evidence of Mr. Seeney's prior conviction is for the improper purpose of suggesting that if he were previously intending to possess a controlled substances before a conviction then he is, more likely than not, guilty of again possessing a controlled substance.

9.      The Fifth Circuit, in <u>United States v. Yeagin</u>, found that introducing evidence of the accused's prior drug conviction was improper because it "provided direct support for the one inference specifically forbidden by rule 404(b): that because [the accused] had committed prior drug crime in the past, he had a bad character and a propensity to commit such crimes again." 927 F.2d 798, 803 (5th Cir. 1991). In <u>Yeagin</u>, the court rejected the government's "enigmatic" argument that the prior incident were relevant to the accused's knowledge or state of mind and characterized the government's arguments that such evidence was necessary to refute the accused's defense of mere presence as "disingenuous." 927 F.2d at 802.

10.     Similarly, this Court should reject the government's request to introduce Mr. Seeney's prior conviction as totally nonbearing on his instant offense, and highly prejudicial.  In particular, that Mr. Seeney was previously convicted of 11 years ago bears nothing on the issue of whether he illegally possessed a controlled substance with the intent to distribute in this matter.

11.     Although the government alleges that Mr. Seeney was in the room with drugs in a closed shoe box, there is no evidence that he knew the drugs where in the closed shoe box.  More importantly, the evidence of his prior conviction does not indicate knowledge or absence of mistake or accident that would help to establish Mr. Seeney's guilt in the instant case.  In fact, there is "insufficient similarity" between the prior conviction of over 11 years ago and the charged incident "for any inference to be drawn regarding the defendant's responsibility for the later acts." <u>United States v. Shackleford</u>, 738 F.2d 776, 783 (7th Cir. 1984).

12.     In weighing the prejudicial impact of his prior convictions against their probative value, the prior convictions present facts that are bound to make the evidence more prejudicial than probative.

13.     The Court should deny the government's 404(b) motion because the government seeks to have Mr. Seeney's 11 year old conviction which is in reality a FRE 609 issue, not a FRE 404(b) issue.  However, since the conviction is over 10 years old, the conviction is not admissible under FRE 609(b).

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, those which may appear in supplemental pleadings, which Mr. Seeney explicitly reserves the right to file, any which appear at the requested hearing on this matter, and any others this Court deems just and proper, Mr. Seeney respectfully requests that the government be precluded from introducing evidence of his prior conviction in the trial of the instant case.

Respectfully Submitted,

_____
Harry Tun, DC Bar #416262
Daniel K. Dorsey, DC Bar #430057
400 Fifth Street, N.W., Suite 300
Washington, DC 20001
(202) 393-2882

## CERTIFICATE OF SERVICE

    I hereby certify that on this 26th day of August 2005, a copy of the foregoing Motion to be delivered by electronic e-mail and by facsmile (202-353-9414) to Lionel Andre, Assistant United States Attorney, Narcotics Section, 555 Fourth Street, N.W. #4210,Washington, D.C. 20530.

                                                                   _____
                                                                   Harry Tun, Esquire