UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | CRIMINAL NO. 05-256 (RWR) |
| | : | |
| LARNELL SEENEY, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S SUPPLEMENTAL MOTION TO ADMIT OTHER CRIMES
EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(B)**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to permit the introduction of prior misconduct on the part of the defendant which is relevant to defendant's intent, knowledge, and absence of mistake, pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)") . In support of its supplemental motion, the government relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on this matter:

I.   **FACTUAL BACKGROUND**

   A.   **The Charged Offenses**

On Tuesday, June 7, 2005, at approximately 7:00 a.m., members of the ATF-HIDTA Task Force executed a D.C. Superior Court search warrant at xxxx xxx xxxxxxx xxxxx in the District of Columbia. After agents had secured the premises, they found defendant, Larnell Seeney, in the basement of the house. A search of the basement revealed shoe boxes containing suspected cocaine powder, suspected crack cocaine, heroin drug packaging materials, and U.S. currency. Also recovered from the basement, inside the laundry room, the police found a loaded

Bryco Arms 9mm semi-automatic pistol. Further, the police recovered mail matter and an identification card containing the defendant's name from a night stand located near a bed in the basement. The defendant was placed under arrest. The defendant's mother then informed the police that the defendant stayed in the basement of the house, and that she did not know about any drugs or guns in the residence.

  B. **The Other Crimes Offense Evidence**

The government will seek, pursuant to Rule 404(b) of the Federal Rules of Criminal Evidence, admission in the trial of Criminal Case Number 05-256, of the evidence of the defendant's prior possession of cocaine to show that defendant Seeney knowingly and constructively possessed the controlled substances charged in this case.

Specifically, on March 16, 1994, at approximately 1:15 a.m., Officer John Farr, a member of the Metropolitan Police Department, was in an observation post in the 1200 block of Crittenden Street, N.W. in the District of Columbia when he observed, through binoculars, a black male (later identified as defendant Larnell Seeney), engage in an apparent drug transaction from a stash located in some bushes in the area. Officer Farr then gave a lookout to a nearby patrol car who then stopped defendant Seeney. After Seeney was stopped and identified by the observation post officer, the police recovered approximately eight (8) rocks of crack cocaine and additional loose powder cocaine from the bushes that defendant Seeney was observed using for the stash. The drugs field tested positive for cocaine. Defendant Seeney was then placed under arrest for Possession with Intent to Distribute Cocaine.[1] The police conducted a search incident

---

[1] Defendant Seeney was indicted for Possession with Intent to Distribute Cocaine. However, as part of a plea agreement, the Government permitted defendant Seeney to plead guilty to attempted possession of cocaine.

to defendant Seeney's arrest and recovered $642 from his pockets.

## II. ARGUMENT

**Defendant's Prior possession of a cocaine is admissible under Rule 404(b) of the Federal Rules of Evidence because it is relevant to show the defendant Seeney knew that there was cocaine in the shoebox located in the basement**

This Court should admit 404(b) evidence of the defendant's prior possession of cocaine. The U.S. Court of Appeals for the District of Columbia Circuit has established a two-step test for determining whether 404(b) evidence of other criminal activity is properly admitted in a criminal trial. United States v. Clarke, 24 F.3d 257, 264 (D.C. Cir. 1994). "The first step requires that the evidence be probative of some material issue other than character. See Fed. R. Evid. 404(b). The second step requires that the evidence not be inadmissible under Rule 403." Id. at 264 (citing United States v. Washington, 969 F.2d 1073, 1080 (D.C. Cir. 1992), cert. denied, 113 S. Ct. 1287 (1993)). Both requirements are easily met here.

### A. The Evidence Is Admissible under Rule 404(b)

#### (i) Standard

Federal Rule of Evidence 404(b) is "'a specialized rule of relevancy.'" United States v. Moore, 732 F.2d 983, 987 (D.C. Cir. 1984 (quoting 2 J. Weinstein & M. Berger, Weinstein's Evidence 44-49). Specifically, Rule 404(b) places only a single restriction on the introduction of evidence of a person's bad acts: such evidence is inadmissible to prove "the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b); see also Clarke, 24 F.3d at 264 ("As this court has previously stated, '[o]nly one series of evidential hypotheses is forbidden in criminal cases by Rule 404: a man who commits a crime probably has a defect in character; a man with such a defect in character is more likely than men generally to have

committed the act in question.'") (quoting Moore, 732 F.2d at 987 n. 30); United States v. Rogers, 918 F.2d 207, 209 (D.C. Cir. 1990). Thus, "other crimes" evidence is admissible under Rule 404(b) so long as it is relevant in any other way than by using the prohibited inference of bad conduct from bad character. See, e.g., United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir.) ("[U]nder Rule 404(b), any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.") (emphasis in original), cert. denied, 498 U.S. 825 (1990).

The D.C. Circuit reaffirmed the position that Rule 404(b) is a rule of inclusion rather than a rule of exclusion in United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (en banc), cert. denied, 525 U.S. 1149 (1999):

> We have recognized before that although the first sentence of Rule 404(b) is "framed restrictively," the rule itself is "quite permissive," prohibiting the admission of other crimes evidence "in but one circumstance" -- for the purpose of proving that a person's actions conformed to his character. United States v. Jenkins, 928 F.2d 1175 (D.C. Cir. 1991).

Thus, trial courts have wide discretion in determining whether evidence is admissible under Rule 404(b). See United States v. Watson, 894 F.2d 1345, 1349 (D.C. Cir. 1990); United States v. Moore, 732 F.2d at 992 (both holding that trial courts have "wide discretion" in applying Rule 404(b)).

In order to establish guilt on the charge of violating 21 U.S.C. § 841(a)(1), the government has to prove beyond a reasonable doubt that defendant knowingly possessed a controlled substance, and that at the time of his possession, defendant had been convicted of a felony. In the instant case, the government must prove, among other things, that defendant

Seeney possessed cocaine, that he did so knowingly and intentionally -- that is, "consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently" -- and that when he possessed the cocaine, he had the specific intent to distribute it. Accordingly, defendant Seeney's prior incident of distributing cocaine and hiding his stash in the nearby bushes is relevant and probative of the central issues in this case, namely that the defendant possessed cocaine on June 7, 2005, knowingly and intentionally, not be accident or inadvertence, and that the defendant intended to distribute the cocaine, rather than maintain it for personal use. This Circuit has not hesitated to permit the introduction of prior narcotics dealings as 404(b) evidence in a possession with the intent to distribute case as demonstrative of intent, knowledge, plan, and absence of mistake. See United States v. Burch, 156 F.3d 1315, 1324 (D.C. Cir. 1998) (evidence regarding defendant's prior conviction for attempted possession with intent to distribute admissible to prove knowledge and intent), cert. denied 526 U.S. 1011 (1999); Crowder, 141 F.3d at 1202 n. 5 ("A defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion. But it can show that he knew how to get drugs, what they looked like, where to sell them, and so forth."); United States v. Clark, 24 F.3d 257, 259 (D.C. Cir. 1994) (finding that "people who had previously worked . . . with the intent to sell drugs were probably not intending to save a cache of drugs for their personal use"); United States v. Washington, 969 F.2d 1073, 1081 (D.C. Cir. 1992) (evidence of prior drug transaction admissible to prove intent, knowledge and plan on the part of the defendant); Moore, 732 F.2d 983, 991 (D.C. Cir. 1984) ("the intent with which a person commits an act on a given occasion can many times be best proven by testimony or evidence of his acts over a period of time thereto"); United States v. Latney, 108 F.3d 1446 (D.C. Cir.), cert. denied, 522 U.S. 940 (1997) (evidence of defendant's

other possession of crack admissible in trial charging aiding and abetting distribution of crack). Thus, Defendant Seeney's knowledge of the controlled substance found in the shoebox where he was living is thus a material issue in this case. The fact that defendant Seeney had possessed cocaine in the past, makes it more likely that he possessed the charged controlled substances, knowingly. See Bowie, 232 F.3d 923, 930 (D.C. Cir. 2000) (evidence that defendant possessed and passed counterfeit notes on earlier occasion decreased likelihood that he possessed charged notes accidentally or innocently). The government does not suggest that this other-crime evidence shows a propensity for crime, and the court can provide careful limiting instructions to ensure that the jury considers the evidence only for a non-propensity purpose. The government seeks to introduce the evidence because it is relevant to the issue of knowledge. See Cassell, 292 F.3d at 792-793 (defendant's prior possession of gun relevant to prove his knowing possession of guns recovered from his bedroom); Bowie, 232 F.3d at 930 (district court properly admitted evidence of defendant's prior possession of counterfeit notes to show defendant's knowledge and intent); United States v. Brown, 16 F.3d 423, 431 (D.C. Cir. 1994) (evidence of defendant's later possession of gun admissible under Rule 404(b) because relevant to show defendant's intent, knowledge, or absence of mistake with respect to firearms recovered from safe).

      **(ii)**     **Admissible In This Case**

The government does not seek to introduce the above 404(b) evidence as "propensity evidence." Rather, the 404(b) evidence is directly relevant to show the defendant's intent, knowledge, motive, lack of mistake or accident, and the like. Crowder, supra, 141 F.3d at 1208. Evidence that the defendant had previously possessed cocaine in the past is highly probative of the fact that the defendant was in knowing actual possession of the cocaine hydrochloride and

crack cocaine in this case.  In addition, it is extremely persuasive evidence that the cocaine's presence in the basement where the defendant was the occupant, belonged to defendant Seeney, was not merely accidental or placed there by someone other than the defendant.  This evidence easily passes Rule 404(b)'s test that it be "relevant to a material issue other than character."

In this case, in order to prove beyond a reasonable doubt that charge of Unlawful Possession of Cocaine with the Intent to Distribute, the government must show that the defendant knowingly possessed the controlled substance, that is, that "the defendant was conscious and aware of his . . . act, realized what []he was doing, and did not act because of mistake, inadvertence or accident."  See Criminal Jury Instructions (the "Red Book"), Instruction 4.79.  The jury will be instructed that "[m]ere presence near something or mere knowledge of its location is not enough to show possession."  Red Book, Instruction 3.08.  Therefore, the government's burden of proving intentional possession and lack of mistake or accident is substantial where the cocaine was not recovered on the defendant's actual person, but from the shoebox in the basement where the defendant was living.  "As the Supreme Court has noted, 404(b) evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct."  Clarke, supra, 24 F.3d at 265 (citing Huddleston v. United States, 485 U.S. 681, 685 (1988)) (emphasis added in Clarke).

Brown and Crowder control this case and warrant the admission of the other crimes evidence in the instant case.  The defendant's previous possession cocaine is highly probative evidence of his knowledge and construction possession of the cocaine in this case.  As in Brown, the other crimes evidence "tend[s] to make the existence of any fact of consequence [in the

instant case] more probable. . . ."  Brown, supra, 16 F.3d at 431-32.  As in Crowder, the other crimes evidence demonstrates that the defendant knew how to obtain cocaine and such prior possession is a vital "'brick' in the 'wall' of evidence needed to prove possession." Crowder, supra, 141 F.3d at 1209 n. 5.  Taken in concert, these cases demonstrate that the Rule 404(b) test is amply satisfied and that the other crimes evidence is relevant to show that the defendant knowingly and constructively possessed the cocaine, that he intended to possess the cocaine and that its presence in the shoebox in the basement where he was living was not accidental or inadvertent.

> B. **The Evidence Is Admissible Under Rule 403**
>
> i. **Standard**

Likewise, the test of Rule 403 is passed with equal ease in this case because the probative value of the evidence is not "substantially outweighed" by the danger of unfair prejudice.  United States v. Harris, 49 F.3d 769, 775 (D.C. Cir.), cert. denied, 516 U.S. 926 (1995).  Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases" -- even when other crimes evidence is involved.  Moore, supra, 732 F.2d at 989; see also Huddleston, supra, 485 U.S. at 688-89 ("Congress was not so clearly concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence.")  Like Rule 404(b), Rule 403 is to be liberally construed: "it is the sound rule that the balance should generally be struck in favor of admission when the evidence indicates a close relationship to the offense charged."  United States v. Harrison, 679 F.2d 942, 948 (D.C. Cir. 1982 (quotation omitted).  Moreover, a trial court's determination that evidence is admissible under Rule 403 is reviewed with "great deference," and will be reversed only in the

event of a "grave abuse of discretion." United States v. Johnson, 970 F.2d 907, 912 (D.C. Cir. 1992) (internal quotation omitted).

In Brown, supra, the D.C. Circuit affirmed the introduction of Rule 404(b) evidence of the defendant's possession of a handgun in charges relating the other firearms recovered during a search warrant, holding the evidence admissible under Rule 403:

> while the admission of the semi-automatic pistol may have been prejudicial, its prejudicial effect did not outweigh its probative value. The pistol found [on the defendant at the time of his arrest] tends to make it less probable that the pistols found [during the earlier search warrant] were there by mistake or without intent.

16 F.3d at 432.

### ii. Admissible In This Case

Notably, the danger that this Court must weigh is not the danger that the other crimes evidence will weaken defendant's defense, but rather the danger that the jury will misuse the evidence by inferring that, merely because defendant engaged in these prior bad acts, he is prone to commit charged. See United States v. Mitchell, 49 F.3d 769, 777 (D.C. Cir.), *cert. denied*, 516 U.S. 926 (1995). The law in this Circuit is clear that in balancing the probativeness and prejudice of other crimes, "it is a sound rule that the balance should generally be struck in favor of admission when the evidence indicates a close relationship to the offense charged." United States v. Harrison, 679 F.2d 942, 948 (D.C. Cir. 1982) (quoting United States v. Day, 591 F.2d 861, 878 (D.C. Cir. 1978)). Here, the proffered evidence of other crimes bears a close relationship to the offenses charged: the other crimes evidence involves the same controlled substance – cocaine. The evidence of defendant's prior possession cocaine in the past does not run afoul of Rule 403 as the probative

value of this evidence – particularly given the defendant's stated defense – outweighs any prejudice. Indeed, any potential prejudice flowing from admitting such evidence in this case can be cured through an appropriate jury instruction: "'[I]t is the law, pure and simple, that jury instructions can sufficiently protect a defendant's interest in being free from undue prejudice.'" United States v. Perholtz, 842 F.2d 343, 361 (D.C. Cir.), cert. denied, 488 U.S. 821 (1988) (citation omitted).

WHEREFORE, the government respectfully requests that it be permitted to introduce the above-referenced Rule 404(b) evidence at trial.

Respectfully Submitted,

KENNETH L. WAINSTEIN
United States Attorney

_____
Lionel André
Assistant United States Attorney
D.C. Bar Number 422534
Narcotics Section
555 4th Street, N.W. – Room 4210
Washington, D.C. 20001
(202) 353-2481