UNITED STATES DISTRICT COURT
FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 05-256-01 (RWR) |
| | : | |
| LARNELL EARL SEENEY | : | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

The Defendant Larnell E. Seeney ("Seeney"), by and through undersigned counsel, respectfully submits the following Memorandum in Aid of Sentencing. Mr. Seeney will come before the Court on May 25, 2006, for sentencing after having been entered a plea of guilty to one count of Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18U.S.C. §924 (c) (1) and Possess with Intent to Distribute Cocaine in violation of D.C. Code §48-904.01(a)(1) as set forth in Counts 1 and 2 of the Superceding Information.

I.   **OBJECTIONS TO THE PRESENTENCE REPORT**

Mr. Seeney and undersigned counsel have reviewed the Pre-Sentence Investigation Report ("PSR") prepared by United States Probation Officer Renee Moses-Gregory and Mr. Seeney does not object to the contents of the PSR, except as follows:

**Offenses**:

Mr. Seeney plead guilty to the following charge in Count 1.

*Count 1:*

> Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18U.S.C. §924 (c) (1)

which carries a maximum sentence of life imprisonment, a mandatory minimum sentence of five years, a fine of up to $250,000, and up to three years of supervised release.

**Page 3, paragraph no. 2**

The third sentence should read, as follows:

The defendant understands the Count One carries a maximum potential sentence of life imprisonment, a mandatory minimum sentence of five years, which must run consecutive to any other sentence, a fine not to exceed $250,000, and a period of supervised release of not more than ~~five~~ <u>three</u> years.

**Page 6, paragraph no. 19**

The **Conviction/Court** should read, as follows:

USCA Attempted Possession of Cocaine.

**Page 6, paragraph no. 21**

The **Charge** should be deleted. There is no record of this charge with respect to Mr. Seeney.

**Page 7, paragraph no. 26**

The **Disposition** should read, as follows:

~~02/25/98:~~    <u>08/19/98:</u>
~~Unknown~~    <u>Dismissed for want of prosecution</u>.

**Page 10, paragraph no. 50**

The paragraph should read, as follows:

The defendant maintains a checking and savings account with Bank of America. He estimated that his account balance is just over $14,000.00. According to the defendant, the money in the account is a combination of financial aid he received for college and lottery winnings. He reported winning the lottery on a couple of occasions and was paid an approximated total of $9,000. <u>This money, a total of $14,028.68, was seized by the Federal Bureau of Investigation on June 23, 2005 and is pending civil forfeiture.</u> The defendant's mother acknowledged the defendant's lottery winnings; however, she indicated it was between $5,000 and $7,000. She advised that ~~she~~ <u>he</u> claimed the earnings on ~~her~~ <u>his</u> income tax returns. As of disclosure of this report, records are pending receipt from this facility.

### Page 10, paragraph no. 51

The paragraph should read, as follows:

According to the defendant he has ~~never~~ filed ~~an~~ income tax ~~return~~ <u>returns</u> and reported his lottery winnings. As of disclosure of this report, records are pending receipt from the Internal Revenue Service.

### Page 10, paragraph no. 53

The paragraph should read, as follows:

Based on the defendant's financial situation, it does <u>not</u> appear he has the ability to pay a fine.

### Page 13, paragraph no. 71

The paragraph should read, as follows:

**Statutory Provisions: Count One:** The maximum fine is $250,000. 18 USC § 3571(b)(3) § 924 (c)(1).

### Page 13, paragraph no. 73

The paragraph should read, as follows:

A special assessment of $100 for **Count One:** The mandatory 18 USC § 3571(b)(3) § 924 (c)(1).

### Page 13, paragraph no. 74

The first sentence of the paragraph should read, as follows:

An assessment fee must be imposes for each count of conviction in violation of the D. C. Criminal Code that was committed on, or after, December 5, 1996.

## II.   SENTENCING GUIDELINES APPLICATION

Mr. Seeney agrees with the Offense Level Computation in the Pre-Sentence Report ("PSR").

## III.   EFFECT OF *UNITED STATES v. BOOKER* ON SENTENCING

In *United States v. Booker,* 125 S. Ct. 738 (2005), the Supreme Court held that its prior decisions in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *Apprendi v. New Jersey,* 530 U.S. 466, 477 (2000), apply to the United States Sentencing Guidelines. Thus, the Sixth Amendment will be violated by the imposition of an enhanced sentence under the Guidelines based on a sentencing judge's determination of a fact, other than a prior conviction, that was not found by a jury or admitted by the defendant. *Id.* at 756.

As a result, the Court then severed the portions of the federal sentencing statute that makes it mandatory, thus rendering the guidelines advisory. *Id.* at 757. *See also United States v. Simpson*, 430 F.3d 1177, 1182 (D.C. Cir. 2005).

The Court also excised the provision setting forth appellate standards of review, 18 U.S.C. § 3742, and held that sentences should be reviewed under a "reasonableness" standard, to be determined with reference to the standards set forth in 18 U.S.C. § 3553(a). *See Booker*, 125 S. Ct. at 757, 765-66. Because a district court's sentence is now reviewable for "reasonableness," and can be reversed if found unreasonable, the "upper limit of a lawful sentence is no longer the maximum term of imprisonment under the relevant statute, but rather the highest point within that range that is reasonable." *United States v. Huerta-Rodriguez*, 355 F. Supp.2d 1019, 1023 (D. Neb. 2005), *aff'd* 2005WL3440785 (9th Cir. 2005) (quoting *Booker*, 125 S. Ct. at 748-49, 754-56 (referring to upper limit as "maximum authorized by the facts established" by guilty plea or jury verdict)).

Post-*Booker*, although a district court must still consider the Guidelines, it must also still consider the other directives of 18 U.S.C. § 3553(a). *See Simpson*, 430 F.3d at 1182. Under *Booker*, courts must treat the Guidelines as just one of a number of sentencing factors. Accordingly, a sentencing court is not bound by the Guidelines, but must "consult" them and "take them into account when sentencing." *Booker*, 125 S. Ct. at 767.

In *Booker*, the Supreme Court neither held, nor implied, that the measure of reasonableness was the Guideline sentencing range. *See Huerta-Rodriguez*, 355 F. Supp.2d at 1023. Thus, "'any system which [holds] it *per se* unreasonable (and hence

reversible) for a sentencing judge to reject the Guidelines is indistinguishable from the mandatory system' that the Supreme Court found unconstitutional." *Id*. (quoting *Booker*, 125 S. Ct. at 794 (Scalia, J., dissenting)). "To treat the Guidelines as presumptive[ly reasonable] is to concede the converse, *i.e.*, that any sentence outside the Guideline range would be presumptively unreasonable in the absence of clearly identified factors . . . [and] making the Guidelines, in effect, still mandatory." *United States v. Myers*, 353 F. Supp. 2d 1026, 1028 (S.D. Iowa 2005)). As a result, a sentencing court should be guided by the consideration of the now-advisory Guidelines along with the statutory factors set forth in 18 U.S.C. § 3553(a). "The directives of *Booker*, and § 3553(a) make clear that courts may no longer uncritically apply the guidelines and, as one court suggested, 'only depart . . . in unusual cases for clearly identified and persuasive reasons.'" *United States v. Ranum*, 353 F. Supp.2d 984, 985 (E.D. Wisc. 2005) (quoting *United States v. Wilson*, 350 F. Supp.2d 910, 912 (D. Utah 2005)).

IV. **OFFENSE CONDUCT**

Mr. Seeney agrees with the factual proffer, except that the pills found were not methamphetamine pills and this charge was dismissed. Thus, page four paragraph number 10, the third sentence should read as follows:

--The approximate weight of the cocaine was over 650 grams, <u>and</u> the heroin was approximately 51.5 grams ~~and the methamphetamine was 5 grams~~.--

V.     **SECTION 3553(a) FACTORS**

When determining a particular sentence to be imposed, 18 U.S.C. § 3553(a) requires courts to consider in relevant part: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing ranges established; (5) pertinent policy statements; (6) the need to avoid sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

1. **Nature and circumstances of the offense and history and characteristics of the defendant**

Mr. Seeney concedes that his conduct, of possession with the intent to distribute illegal narcotics and the possession of a firearm during a drug trafficking offense, is inexcusable. The illegal drug trade in this country has exacted an incalculable toll on the country and its citizens. Nevertheless, by his actions subsequent to his arrest, Mr. Seeney has indicated to the Court that he can conform his conduct to the requirements of the law and society and demonstrated that he is willing to make amends for his actions. According to the PSR, Mr. Seeney has a very limited prior criminal history. In fact, he only has one prior conviction in 1994, which was dropped to a charge of Attempted Possession of Cocaine of which he plead guilty and his probation was terminated successfully. The remainder of his criminal history contains three prior arrests were resolved when the charges against him were dismissed. Two of the cases were "no papered" and the other was *nolle prosequi*. His other case in 1996 for distribution went to trial and the jury came back with a not guilty verdict.

Mr. Seeney is a middle-aged man who was born to an unwed couple with the father living outside the home. Mr. Seeney has lived and helped his mother all his life. At the time of sentencing, he will be 32 years old. Mr. Seeney has lived a relatively normal life: 1) he maintains close contacts with his mother and biological father; 2) he has no biological children, (see paragraph no. 31); 3) he no medical problems, (see paragraph nos. 33 and 34); 4) while he did drop out of high school, he learned that education is very important and he completed his high school education through the GED and prior to his incarceration he was attended college, seeking a degree. He is a couple of credits short of graduation, (see paragraph nos. 39 and 40); 5) he maintains a stable romantic relationship with his girl friend; 6) while he recently did not have stable employment, the reason for this is that he has been concentrating on his education, (see paragraph nos. 39, 40, 43, 44, 45 and 46); and 7) since his incarceration, he does not appear to suffer from any drug dependency[1]. With the exception of his drug-related activity, his life seems to have all the components that would allow him to live a law-abiding and productive life.

### 2. Need for the sentence imposed

In addition to considering the above factors, the Court is required to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." 18 U.S.C. § 3553(a). Section 3553(a)(2) states that such purposes are: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to

---

[1] Mr. Seeney has admitted to using marijuana, alcohol and a dependency on cocaine,

criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

### A. Seriousness of the offense, respect for the law, just punishment

The offense of conviction is obviously very serious and the statutory sentence structure reflects that. Although Mr. Seeney committed a crime, he demonstrated his respect for the law and the legal process by agreeing to plead guilty and accept responsibility early on without wasting the Court's time or forcing the government to prove its case.

The Court has held Mr. Seeney since he was arrested on these charges.

### B & C. Deterrence to criminal conduct and protection from further crimes

As the Court is aware, Mr. Seeney was detained without bond upon his arrest. Never having been incarcerated previously, Mr Seeney realizes that a criminal lifestyle is not something he wants to continue. Rather, he wants to return home, finish his education, be gainfully employed in a professional field and start a family. Mr. Seeney assures the Court that if the Court gives him one final opportunity, he will never again enter the criminal system.

---

(see paragraph nos. 35, 36 and 37).

      **D.**    **Provide treatment and training**

The PSR indicates that Mr. Seeney is in relatively good health and has never been treated for mental health or drug problems. It appears from his history that Mr. Seeney does not have a serious drug problem. However, he feels he is addicted to cocaine and thus, he could benefit from Court-ordered treatment and counseling so that he does not relapse into a life of drug use or crime. It is requested that any prison sentence be used to serve as a rehabilitation of Mr. Seeney by ordering that he participate in the drug program while incarcerated.

      **3 & 4.**    **Kinds of sentences available and the sentencing ranges established**

According to the PSR: a) the offense of conviction carries a minimum statutory sentence of five years incarceration to life and a $250,000 fine. This term must be served consecutively to any other sentence imposed; b) the offenses of conviction carry, with Count 1, an advisory Guideline mandatory sentence of 60 months incarceration, and with Count 2, and advisory Guideline mandatory sentence of 12 to 30 months; c) Mr. Seeney is eligible for a statutory and guideline period of supervised release of at least 3 years, on Count 1; d) the relevant statute and the Guidelines do not preclude a probationary sentence.

      **5.**    **Pertinent policy statement.**

There are no pertinent policy statements that Mr. Seeney can invoke.

**6.     Need to avoid sentencing disparities.**

Considering that Mr. Seeney has decided to reform himself and make amends to society by pleading guilty, sentencing him to more time than is being requested by the government will place him in a position that is different from others who plead guilty and possibly chill the desire of other defendants to plead guilty in the future.

**7.     Need to provide restitution.**

Here, restitution is not an issue and there is no specific victim who incurred financial loss or suffered physical harm relating to Mr. Seeney's offense conduct.

**VI.    RECOMMENDATION**

In this case, Mr. Seeney has accepted responsibility. Thus, Mr. Seeney respectfully requests that the Honorable Court take this into consideration at the time of sentencing. In this case, a sentence of the statutory maximum of 60 months is not reasonable when the Court considers the Guidelines as just one factor along with those set forth in § 3553(a). As noted, Mr. Seeney is under a statutory mandatory sentence of 60 months on the gun charge. However, this honorable Court has wide in sentencing Mr. Seeney on the drug count. The advisory sentencing guideline suggest that this Court can sentence Mr. Seeney to probation, a short split sentence or prison time.[2]

---

[2] On page 11, paragraph no. 58, the PSR writer indicates, that "[a] sentence in this range allows for a term of imprisonment, a short split sentence of probation."

Following the directives of Booker and § 3553(a), this Court cannot simply "uncritically apply" the Guidelines. The Guidelines are no longer binding and the Court must now consider the Guidelines along with the factors discussed in sections V and VI, *supra*. As a result, the upper limit of a lawful sentence is not the maximum term of imprisonment under the statute, but rather the highest point within the maximum range that is reasonable. See Huerta-Rodriguez, 2005 WL 318640 at 6. Accordingly, Mr. Seeney respectfully requests that the Court impose a reasonable sentence. A reasonable sentence considering the directives of Booker, the Guidelines and § 3553(a), would be a sentence of 60 months on Count 1 and 12 months or probation on Count 2.

Mr. Seeney who is a young man with a very minor criminal record, should not be warehoused in the penitentiary for a long period of time. He is one semester short of receiving a college degree from University of the District of Columbia. He has accepted his responsibility and will be incarcerated for at least 60 months. This sentence is a substantial sentence for Mr. Seeney who has never been in jail before. He has served over 11 months by the time he will be sentenced by this Court.

Mr. Seeney has used these 11 months to reflect on his action and for his future. He knows that he will have to be in jail for 60 months. He also hopes that this Court will take into consideration that he plead guilty at the first chance and with the first plea that was offered by the prosecutor[3]. He was a full time student. He has no children and he has stated that he will use his time in jail wisely by entering the drug program and that he will complete his undergraduate program, if such courses are offered.

---

[3] Before the plea date, the only offer extended was to plea to the indictment.

Finally, he promises that he will never be caught up in this type of drug activities or any other illegal activities. Accordingly, a sentence of sixty months and a sentence of probation with the second count followed by supervised release of five years will be sufficient and appropriate to avoid disparity of sentence, because if Mr. Seeney was sentenced on the second count, in D.C. Superior Court, he would be looking at a term of probation for a first time offender.

Respectfully submitted,

By: /s/ Harry Tun
Harry Tun (Bar # 416262)
Daniel K. Dorsey (Bar # 430057)
400 Fifth Street, NW
Suite 300
Washington, DC  20001
(202) 393-2882
*Attorneys for Defendant Seeney*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of May 2006, I caused a true and correct copy of the foregoing Defendant's Memorandum in Aid of Sentencing and Objections to the Pre-Sentencing Report to be delivered by electronic e-filing to:

Denise Clark, Assistant United States Attorney
Office of the United States Attorney for the District of Columbia
555 Fourth Street, NW
Washington, DC  20530

And by U.S. Mail and facsimile to:

Renee Moses-Gregory, United States Probation Officer
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
333 Constitution Ave., N.W.
Washington, DC 20001
202-273-0242

/s/ Daniel K. Dorsey
Daniel K. Dorsey