IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No.  05-256 (RWR) |
| | : | |
| v. | : | |
| | : | |
| LARNELL E. SEENEY | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in aid of sentencing.

## BACKGROUND

On June 7, 2005, at approximately 7:00 a..m., members of ATF-HIDTA Task Force executed a search warrant at defendant's home located at 5815 5th Street, Northeast, Washington, D.C.  The officers found defendant in the basement.  While searching the basement bedroom, officers recovered shoe boxes containing 602.6 grams of cocaine hydrochloride, 74.3 grams of cocaine base, baking soda, drug packaging materials, and a scale in one closet.  In a second closet, officers found $4,250 and a jean jacket in which there were bags containing 7.4 grams of cocaine base, 52.4 grams of a heroine mixture, and 4.1 grams of cocaine hydrochloride.  The officers also found a water jug containing $1,320 and identification cards and mail matter in defendant's name.  In the duct work of the furnace/central air conditioning unit in the basement laundry room, officers recovered a Bryco Arms 9 mm pistol loaded with six rounds of ammunition.  Officers also recovered a plastic bag containing $8,000 in the basement laundry room.

On July 26, 2005, defendant was arraigned on a five-count indictment, which charged him with Unlawful Possession with Intent to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii);  Unlawful Possession with Intent to Distribute 500

Grams or More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii); Unlawful Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 841 (a)(1) and 841(b)(1)©; Unlawful Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841 (a)(1) and 841(b)(1)©; and Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1). On February 28, 2006, Defendant was arraigned on an a two-count Superceding Information charging him with Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense and Possession with Intent to Distribute Cocaine, in violation of 48 D.C. Code § 904.01(a)(1) and pled guilty to those charges, pursuant to a plea agreement with the government.

**ARGUMENT**

The government recommends that the Court impose a sentence of 60 months on Count 1 – Possession of a Firearm During a Drug Trafficking Offense and a suspended sentence of 30 months with a five-year probationary period to follow consecutively on Count 2 – Possession With Intent to Distribute Cocaine. Such sentences are warranted by the nature and circumstances of the offense, defendant's characteristics and circumstances, and the need to protect societal interests.

The Supreme Court in <u>United States v. Booker</u>, 125 S. Ct. 738, (2005), held that the mandatory application of the United States Sentencing Guidelines violates the Sixth Amendment principles articulated as <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004). However, a sentencing court must consult those Guidelines and take them into account with other sentencing factors enumerated in 18 U.S.C. § 3553 to fashion a reasonable sentence. <u>United States v. Price</u>, 409 F.3d 436, 442-443 (D.C. Cir. 2005). In this case, the federal Sentencing Guidelines are only applicable to Count 1. Under the Guidelines, defendant's sentencing guideline range for that offense is the

statutorily mandated minimum sentence of at least five years imprisonment, which must run consecutive to any other sentence. See 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(D) and U.S.S.G. §2K2.4(b). As to Count 2, the federal Sentencing Guidelines do not apply as defendant pled to a District of Columbia criminal offense. Under the voluntary D.C. Superior Court Sentencing Guidelines, defendant's offense of conviction places him in Group 2 and his lack of a criminal conviction within the last ten years places him in Criminal History Category A. His sentencing range is 12 to 30 months; however, he is eligible for a term of incarceration, a short split sentence, or a probationary period under the D.C. Sentencing Guidelines. The sentencing factors enumerated in 18 U.S.C. § 3553 (a) provide a useful framework for fashioning an appropriate sentence for both offenses.

In this case, consideration of all the factors set forth in Section 3553(a), including the nature and circumstances of the offense, defendant's characteristics and circumstances and the need for the sentence support the conclusion that a Guideline sentence is reasonable, and that defendant should be sentenced to five years for possessing a firearm during a drug trafficking offense and a suspended sentence of 30 months with five-years' probation on the possession with intent to distribute charge.

First, the offenses of conviction are incredibly serious. Defendant had a virtual pharmacy of illicit narcotics in his bedroom. Indeed, he possessed over 600 grams of powder cocaine, 80 grams of crack cocaine, and 50 grams of heroin. Further, he had a scale to measure his product and material to package the drugs. Additionally, he had a loaded gun secreted away to protect his product. The Court should not ignore the fact that defendant, who is well-educated and who apparently had opportunities and the potential to contribute positively to the community, chose instead to devote his time and talents to trafficking in the poison that has devastated so many

individuals and families in our community. Any sentence the Court imposes should reflect the seriousness of the totality of defendant's conduct in this case.

In addition, any sentence this Court imposes should provide adequate deterrence and respect for the law under Section 3553 (a)(2). In this jurisdiction, defendants, particularly those who have had contact with the Superior Court system, are not deterred from engaging in criminal conduct because they perceive the penalties for their conduct to be so minimal. The Court should impose a sentence that is severe enough that would-be criminals will know that gun possession and drug distribution are serious crimes which will not be tolerated in the District of Columbia.

Defendant's history and characteristics support the conclusion that a five-year sentence is reasonable on count 1. Although defendant has shown some initiative by obtaining his General Education Development ("GED") diploma and by enrolling in college, he has not shown any initiative with respect to obtaining legitimate employment despite having been reared by two hard-working parents. Instead, defendant chose to take an easier route and used his talents to peddle drugs. Indeed, he was having some success at that enterprise since he had over $13,000 in cash in various locations throughout the basement of his home and he had a sizable cache of drugs. Because defendant chose to enrich himself at the expense of the community, he should be incarcerated for five years. He can use the time to reflect on the seriousness of the conduct he engaged in and the consequences of that conduct. Although defendant has spent the last six years in college, it appears that he also needs time to deliberately consider what he wants to accomplish with his life and how he plans to accomplish it.

Defendant also indicated that he may be addicted to alcohol and cocaine. A five-year sentence would provide defendant with the time and the resources to successfully conquer those addictions.

## Conclusion

As detailed above, a sentence of 60 months on count 1 and a suspended sentence of 30 months with a five year period of probation on count 2 are reasonable and appropriate for defendant for several reasons. First, those sentences are within the applicable Guideline ranges and are therefore presumptively reasonable. Second, the offenses of conviction are particularly serious given the extraordinary level of drug-related violence in this city. Third, the sentences will provide defendant with the time to obtain needed alcohol and drug treatment as well as time to reflect on what he has done and who he wants to become, and form a plan of action.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

_____
Denise M. Clark
Assistant United States Attorney
Federal Major Crimes Section, D.C. Bar No. 479149
555 4th Street, N.W. #4840
Washington, DC 20530
Phone: 353-8213
Fax: 353-9414

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I caused a copy of the foregoing to be served the attorney for the defendant, Harry Tun, this _____th day of May, 2006.

    _____
    Denise M. Clark
    Assistant United States Attorney